IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMES DEMOVILLE | § | |
| | § | |
| | § | CIVIL NO. 6:19-cv-232 |
| VS. | § | JURY DEMANDED |
| | § | |
| | § | |
| DELEK REFINING, LTD. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff James DeMoville hereby files this, his Original Complaint against Delek Refining, Ltd. ("Delek") for violating the Americans with Disabilities Act.  The causes of action and summary of claims relating thereto are addressed below:

**I. JURISDICTION AND PARTIES**

1.      Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment.

2.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

(a)      a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

(b)      A Notification of Right to Sue was received from the EEOC on or about May 4, 2019.

(c)      This Complaint has been filed within 90 days of receipt of the EEOC's

Notification of Right to Sue.

3. Plaintiff, James DeMoville, is a citizen of the United States and the State of Texas who resides in Smith County, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State of Texas.

5. Defendant, Delek may be served by delivering a copy of the Complaint to its Registered agent, United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

6. Delek is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. Delek is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. Delek employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

9. Plaintiff has Tourette's Syndrome, which manifests itself with visible tics and twitches which are involuntary. These tics and twitches occur almost continuously and are noticeable to anyone in his presence.

10. Plaintiff was employed by Delek at the Tyler refinery since March 3, 2007. Plaintiff worked as a B-technician in Area 3 from October 2010 until August 15, 2018. During his employment with Delek, Plaintiff was subjected to various forms of harassment from his co-workers on account of his disability, Tourette's Syndrome. Plaintiff's supervisor, Kevin Holmes, was aware of the harassment and ridicule, but took no action to protect him from the open and

obvious harassment.

11.     On August 15, 2018, Plaintiff was again subjected to verbal harassment by Mike Sims and Virdell Howland during his meal break. By that time, Plaintiff could no longer continue working under the hostile and harassing work environment. Therefore, Plaintiff collected his belongings and left the plant. The following day Plaintiff contacted human resources to set up an appointment to discuss the issues with the harassment, but he was denied a meeting.

12.     On August 16, 2018, Plaintiff was contacted by David Duford, Head of Human Resources regarding his complaint to the ethics hotline. Mr. Duford was angry that Plaintiff had made the complaint because he believed that he had put the company 'in a bad light' because Plaintiff had not reported the harassment to the local Human Resources department. However, Plaintiff was reluctant to make a report to the Human Resources department for fear of retaliation.

13.     Plaintiff alleges that he was subjected to a hostile and harassing work environment by Delek by reason of the harassment directed towards him because of his Tourette's Syndrome disability.

### III. CLAIMS FOR RELIEF

### (A) Americans with Disabilities Act

14.     From the time that Plaintiff went out on LOA (STD) FMLA, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and was regarded by Delek as having such an impairment.

15.     Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).

16.     Delek's harassment and conscious indifference to the harassment to which Plaintiff

was subjected by reason of Plaintiff's disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment.  Delek's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

17.     Delek failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and eliminate the harassment of Plaintiff by reason of his disability.

18.     In addition to its failure to accommodate Plaintiff's disability, Delek intentionally discriminated against Plaintiff in terminating him because of his disability.

19.     Defendant discriminated against Plaintiff in terminating him on the basis of his actual disability.

20.     Defendant discriminated against Plaintiff in terminating him on the basis of a perceived disability.

21.     In failing to make reasonable accommodation to Plaintiff's physical disability and/or terminating Plaintiff because of his actual or perceived disability, Delek acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

## IV. DAMAGES

22.     As a direct and proximate result of Delek's discrimination on the basis of disability and violations of the ADA, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

23.     Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's termination of him.

24.     Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's protected rights; thus, Plaintiff seeks exemplary damages.

25.     Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant

to 42 U.S.C. § 2000e and 29 U.S.C. § 2617(a)(3).

## V. JURY DEMAND

26.     Plaintiff demands trial by jury.

## VI. RELIEF REQUESTED

27.     Plaintiff requests the judgment of this Court against Defendant, Delek as follows:

(a)     Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his disability;

(b)     Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c)     Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(d)     Award Plaintiff exemplary damages in an amount to be determined at trial of this matter;

(e)     Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

(f)     Grant such other and further relief as may be just and proper.


Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF